```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS


MARYANN J. MECRONES,          )
                              )
      Plaintiff,              )
                              )
      v.                      )  C.A. No. 04-11669-RGS
                              )
LEXINGTON SCHOOL              )
ADMINISTRATION,               )
                              )
      Defendant.              )
```

MEMORANDUM

For the reasons stated below, plaintiff is advised that this action is subject to dismissal unless plaintiff demonstrates good cause why this action should not be dismissed.

BACKGROUND

On July 22, 2004, plaintiff Maryann J. Mecrones of Lexington, Massachusetts, commenced this action against the Lexington School Administration by filing (1) an Application to Proceed Without Prepayment of Fees, (2) a national cover sheet, (3) a local cover sheet and (4) a two-page complaint.

On July 29, 2004, plaintiff filed a revised copy of the second-page of her Application to Proceed Without Prepayment of Fees that now includes a more detailed response to question five (5) concerning property ownership.

REVIEW

Because plaintiff filed this complaint without prepayment of the filing fee, summonses have not issued in order to allow the Court to review plaintiff's complaint to determine if it satisfies the requirements of the federal in forma pauperis statute. See 28 U.S.C. § 1915. Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees, at any time, if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## DISCUSSION

Plaintiff's two-page complaint is written in the form of a letter and consists primarily of a recounting of events surrounding plaintiff's efforts to secure a full-time teaching position in the Lexington Public School system. Although pro se pleadings must be liberally construed, Haines v. Kerner, 404 U.S.

519, 520 (1972)(holding that pro se litigants are entitled to liberal construction of their pleadings), plaintiff's complaint is subject to dismissal because it fails to conform to the Federal Rules of Civil Procedure.

    A.   <u>Rule 8 of the Federal Rules of Civil Procedure</u>

As an initial matter, pursuant to Federal Rule of Civil Procedure 8(a), a complaint must include "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a demand for judgment for the relief the pleader seeks."

Here, the complaint's jurisdictional statement states that plaintiff has "chosen to file at Boston, Mass. because of resident proximity and health in addition to some general Boston familiarities are some reasons for my choice." <u>See</u> Complaint, ¶ 2. For relief, the complaint states that plaintiff expects "compensation from the inception of [her] applications in the Town of Lexington, Massachusetts while and during my attendance at Harvard University Graduate School 1994 until 2004 time of filing this claim." <u>Id.</u> at p. 2.

Plaintiff's complaint fails to include a statement of claim describing the jurisdictional basis[1] for her claim and

---

[1] In order for this Court to review plaintiff's claims, it must have (1) federal question or (2) diversity subject-matter jurisdiction.  <u>See</u> 28 U.S.C. § 1331 (federal question

the form of relief that she is seeking.

    B.   <u>Rule 10 of the Federal Rules of Civil Procedure</u>

Pursuant to Rule 10(b), "[a]ll averments of claim . . . shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . ." Fed. R. Civ. P. 10(b). Here, plaintiff's complaint fails to include any factual allegations specifying the nature and circumstances of the alleged wrongful employment actions taken against plaintiff.

    C.   <u>Rule 11 of the Federal Rules of Civil Procedure</u>

Pursuant to Rule 11(a), "[e]very pleading . . . if the party is not represented by an attorney, shall be signed by the party." <u>See</u> Fed. R. Civ. P. Rule 11(a); <u>see</u> <u>also</u> District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of the Federal Rules of Civil Procedure pertaining to the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court."). Plaintiff's complaint does not contain her signature.

<u>CONCLUSION</u>

Based upon the foregoing, plaintiff will be granted additional time, thirty-five days from the date of the

---

jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction).

accompanying Order, to file an amended complaint. If plaintiff chooses to file a amended complaint, the amended complaint shall: (1) provide a jurisdictional basis for his claims in accordance with Rule 8(a)(1) of the Federal Rules of Civil Procedure; (2) include a demand for judgment for the relief she is seeking as required by Rule 8(a)(3) of the Federal Rules of Civil Procedure; (3) include her signature as required by Rule 11(a) of the Federal Rules of Civil Procedure; and (4) identify the defendant(s) and fully describe each defendants conduct.

    The Clerk shall send plaintiff a copy of Step by Step: A Guide to Filing a Civil Action in Federal Court.

Dated at Boston, Massachusetts, this <u>25th</u> day of <u>August</u>, 2004.

                                          <u>/s/ Richard G. Stearns</u>
                                          RICHARD G. STEARNS
                                          UNITED STATES DISTRICT JUDGE